Scileppi, J.
(dissenting). Forgotten, in the majority’s haste to strike down section 484-h of the Penal Law, is the basic canon of statutory construction that courts will declare a solemn *424 legislative enactment unconstitutional only with great reluctance and as a last resort (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150). This precept is particularly applicable in a case such as this where we are presented with a statute enacted after much study and research in an effort to solve a serious community problem. There can be no doubt about the legislative purpose — the statute was designed to protect children under 18 years of age from the pernicious and deleterious effects of the material which it proscribes. It was not, as has been suggested, intended to indoctrinate our children or to form their minds or characters according to the State’s will. It was enacted to shield and protect our youth from material calculated to corrupt, deprave and debauch their impressionable minds and their morals. It is regrettable that freedom of expression—one of our most cherished liberties — is used by those who profit from the salacious as a spurious rallying cry to defeat the high purpose contained in this legislation.
We are not called upon to decide in this case whether “Memoirs of a Woman of Pleasure” (“Fanny Hill”) is obscene by constitutional standards and in violation of section 1141 of the Penal Law. The sole question before us is whether section 484-h of the Penal Law is constitutional.
It is conceded by the majority that not only does this State have the right under its governmental police power to regulate the sale and distribution of obscene literature, but that it also may classify as obscene for minors material which might not be such for adults. In other words, the majority’s quarrel with section 484-h is not that the Legislature lacked the power to set different standards of obscenity with respect to sales to minors; rather it is the precision of its language in the exercise of this acknowledged power which is questioned.
In State v. Settle (90 R. I. 195) the Supreme Court of Rhode Island upheld a statute almost identical to section 484-h against the same attack pressed upon us here. The statute in question there (General Laws, 1956, § 11-31-10), as here, proscribed the sale of “ any book * * * which exploits, is devoted to, or is particularly made up of descriptions of illicit sex or sexual immorality”. There, as here, the statute was attacked as *425 (1) vague and indefinite, and (2) so broad in its definitions as to encompass acts or words which are included in the constitutional freedoms of the First Amendment. In answer to the first attack the court held (90 R. I. 195, 203): “No publication is labeled obscene and therefore a statute which condemns writings of that nature must use language such as is found in the instant statute, namely, ‘ is devoted to, or is principally made up of * * V We are of the opinion that the language of the statute under consideration is so clear that ‘ men of common intelligence,’ to use Mr. Justice Sutherland’s expression in Connally v. General Construction Co., 269 U. S. 385, can act under it with certainty as to its meaning.”
And, in answer to the second, it stated (90 R. I. 195, 199-200, supra): “ Obscenity is not within the area of constitutionally protected speech or press. * * * Lewd, lascivious and indecent are but synonyms of obscene. * * * The alternatives mentioned are nothing more than examples of what is obscene, lewd, lascivious and indecent and are to a degree explanatory of the words used earlier.”
No more compelling parallel can be found. Our New York statute, if anything, is more clear and definite than the one approved in the Settle case. Its language is just as clear and unambiguous as a statute can be drawn. Our courts should not sit as superlegislators to judge the wisdom of the States in protecting their citizens, for a Legislature is entitled to its own judgment as to the causes of juvenile delinquency and the relationship of salacious and obscene material to crime, and its effect upon the welfare of our youth generally; and, in checking the Legislature, courts should not read into the Constitution their own theories of psychology and criminology via the due process clause in order to find a way to strike down an otherwise perfectly salutary and legally sound statute. To say that section 484-h of the Penal Law is vague and indefinite is to make it literally impossible for the Legislature to use any language that would satisfy the scrutiny of the majority here. We need only point out that precision in definition or language is lacking in such concepts as “ due process ”, “ reasonable doubt ”, “ criminal negligence ” or “ fair trial ”, just to mention a few.
The judgment herein should be affirmed.
*426 Opinion by Judge Van Voorhis; all concur except Judges Burke and Scileppi who dissent in separate opinions in each of which the other concurs and Chief Judge Desmond who concurs in both.
Judgment reversed and the information dismissed.